UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KEVIN WILSON ET AL.,<br>    Plaintiffs<br><br>v.<br><br>ENTERGY NUCLEAR<br>OPERATIONS, INC.,<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)  **Civil Action No.**<br>)<br>)<br>)<br>) |

## **COMPLAINT**

### INTRODUCTION

This complaint arises out of the Defendant's misclassification of the Plaintiffs as exempt from the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* and the Massachusetts overtime law, G.L. c.151, §1A *et seq.* As a result of their misclassification, Plaintiffs are entitled to overtime pay for hours worked in excess of forty per week.

### PARTIES

1. Plaintiff Kevin Wilson is an individual who resides in Plymouth, Massachusetts.

2. Plaintiff Theokritos Petropoulos is an individual who resides in Brockton, Massachusetts.

3. Plaintiff Dianne Bertocchi is an individual who resides in Wareham, Massachusetts.

4. Plaintiff Damion DeMello is an individual who resides in Plymouth, Massachusetts.

5. Plaintiff James Feid is an individual who resides in Wareham, Massachusetts.

6. Plaintiff Paul Bradford is an individual who resides in Sandwich, Massachusetts.

7. Plaintiff Craig MacNeill is an individual who resides in West Wareham, Massachusetts.

8. Plaintiff Justin Grushey is an individual who resides in Hyannis, Massachusetts.

9. Plaintiff Joel Cook is an individual who resides in East Taunton, Massachusetts.

10. Plaintiff Kevin Maloney is an individual who resides in Norton, Massachusetts.

11. Plaintiff Matthew Deignan is an individual who resides in Carver, Massachusetts.

12. Plaintiff Christopher Pratt is an individual who resides in Carver, Massachusetts.

13. Plaintiff Seth Manning is an individual who resides in Taunton, Massachusetts.

14. Plaintiff Chris Pond is an individual who resides in Walpole, Massachusetts.

15. Plaintiff John Pelkington is an individual who resides in Hyannis, Massachusetts.

16. Plaintiff Eric Reed is an individual who resides in Plymouth, Massachusetts.

17. Defendant Entergy Nuclear Operations, Inc. ("Defendant" or "Entergy") is a Delaware corporation which operates the Plymouth Nuclear Power Station located in Plymouth, Massachusetts.

## JURISDICTION AND VENUE

18. This is an action asserting claims, *inter alia*, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and the Massachusetts overtime law, G.L. c.151, §1A *et seq*.

19. This Court has subject matter jurisdiction over the matter pursuant to 29 U.S.C. § 216 and 28 U.S.C. §1331.

20. The Defendant has a place of business in this district and the Plaintiffs reside in this district.

21. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## BACKGROUND

22. Defendant operates the Plymouth Nuclear Power Station located in Plymouth and operates training services at the Plymouth Nuclear Power Station.

23. Despite the fact that the Plaintiffs do not qualify for any exemption from the overtime requirements of the FLSA and the Massachusetts overtime law, Defendant improperly classified them as exempt employees who were not entitled to overtime pay.

24. Due to their misclassification as exempt, Plaintiffs were not paid for their overtime hours (hours worked in excess of 40 per week) at the legally required overtime rate (one and one-half times their regular rate of pay).

25. Throughout the course of their employment, Plaintiffs have worked in excess of 40 hours per week during certain weeks.

26. On information and belief, prior to 2007, The Wackenhut Corporation ("Wackhenhut") provided security services at the Plymouth Nuclear Power Station pursuant to a contractual arrangement with Defendant.

27. During the period of time prior to 2007, Wackenhut classified certain of the Plaintiffs, and other employees with the position of Security Shift Supervisors and/or CAS/SAS Supervisors, as non-exempt employees who were entitled to overtime pay at the legally-required rate  (one and one-half times their regular rate of pay).

28. On information and belief, when the Defendant terminated the services of Wackenhut and began to provide security services with its own employees, Defendant reclassified the Security Shift Supervisors and/or CAS/SAS Supervisors as exempt employees.

29. On information and belief, Defendant was aware of the requirements of the FLSA and

Massachusetts overtime laws and their application to the Plaintiffs but chose to ignore them.

## COUNT I – VIOLATION OF FAIR LABOR STANDARDS ACT

30. Plaintiffs repeat and incorporate by reference the allegations contained in each of the above paragraphs.

31. The conduct of the Defendant described above violated the FLSA, as a result of which the Plaintiffs are entitled to damages, including but not limited to payment for overtime (i.e. hours in excess of 40 per week) at the rate of one and one-half time their regular rate of pay, less amounts previously paid for such hours.

32. On information and belief, Defendant's violation of the FLSA was willful, within the meaning of 29 U.S.C. §255(a).

33. Plaintiffs are also entitled to liquidated damages equal to the unpaid overtime compensation described in the previous paragraphs, plus an award of attorneys' fees incurred in connection with this action.

## COUNT II – VIOLATION OF MASSACHUSETTS OVERTIME LAW

34. Plaintiffs repeat and incorporate by reference the allegations contained in each and every one of the above paragraphs.

35. The conduct of the Defendant described above violated G.L. c.151, §1A et seq., as a result of which Plaintiffs are entitled to damages, including but not limited to payment for overtime (i.e. hours in excess of 40 per week) at the rate of one and one-half time his regular rate of pay, less amounts previously paid for such hours, plus multiple damages and attorneys' fees.

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

1. That, after trial, the Court award damages in an amount to be determined, including compensatory damages, liquidated damages pursuant to the FLSA, triple damages pursuant to G.L. c. 151, §1B, and attorneys' fees and costs.

2. Leave to add additional plaintiffs by the filing of written consent forms, or any other method approved by the Court; and

3. Such further relief as justice requires.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues triable as of right to a jury.

|  |  |
|---|---|
|  | PLAINTIFFS<br>By their attorneys,<br><br>/s/ Lauren A. Solar<br>Howard M. Brown, BBO# 547948<br>hmb@bostonbusinesslaw.com<br>Lauren A. Solar, BBO#657289<br>las@bostonbusinesslaw.com<br>Bartlett Hackett Feinberg P.C.<br>155 Federal Street<br>Boston, MA 02110<br>(617) 422-0200 (telephone) |
| Dated:   January 28, 2014 | (617) 422-0383 (facsimile) |